Lewis R. Giacco, D.D.S., Petitioner *v.* Commonwealth of Pennsylvania, State Dental Council and Examining Board, Respondent.

Argued May 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Stanton D. Levenson,* for petitioner.

*Mary S. Wyatte,* Assistant Attorney General, with her, *John J. Flynn,* Assistant Attorney General, *James J. Kutz,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

Opinion by Judge Crumlish, July 8, 1981:

Lewis R. Giacco appeals an order of the State Dental Council and Examining Board which revoked his license to practice dentistry. We affirm.

On January 30, 1979, Giacco pleaded guilty in the United States District Court to two record-keeping violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970.[1] The violations stemmed from Giacco's practice of writing "quaalude" prescriptions for fictitious patients and then trading the quaaludes to finance his cocaine habit.[2]

After a Board hearing, Giacco's license was revoked in accordance with Section 122(i) of the Dental Law,[3] which provides for suspension *or* revocation of a license where the Board finds that a licensee "has been guilty of a crime or misdemeanor involving moral turpitude. . . ." Giacco does not contest the Board's finding that he was convicted of a crime involving moral turpitude. However, he contends that the Board abused its discretion by revoking his license considering that his conduct did not affect the health care of his patients. We disagree.

We have consistently held that fraud in the practice of a health care profession is not limited to conduct which directly affects the care of patients but encompasses "all aspects of professional conduct." *Catena v. State Board of Medical Education and Licensure*, 49 Pa. Commonwealth Ct. 542, 546, 411 A.2d 869, 871 (1980) (quoting) *State Dental Council and Examining Board v. Friedman*, 27 Pa. Commonwealth Ct. 546, 551, 367 A.2d 363, 366 (1976). Giacco did commit fraud by exploiting his professional position to obtain

[1] 21 U.S.C. §843(a)(4) and §842(a)(5).

[2] Giacco also traded Demerol, Tuinal and Dexedrine, to finance his $1800.00 a week cocaine habit.

[3] Act of May 1, 1933, P.L. 216, *as amended*, 63 P.S. §122(i).

quaaludes,[4] and this fraud was seriously compounded by trading the quaaludes for cocaine. We are painfully mindful of the horrendous consequences flowing to Dr. Giacco from the severity of the Board's penalty decision, but, as a watchdog of the dental profession, the Board was well within its authority in revoking Giacco's license.

Affirmed

### ORDER

The State Dental Council and Examining Board order dated July 18, 1980, revoking the license of Lewis R. Giacco is affirmed.

---

[4] In *Derrick v. Department of State, Bureau of Professional and Occupational Affairs,*    Pa. Commonwealth Ct.    , 432 A.2d 282 (1981), we held that a nurse who wrote fictitious prescriptions to obtain controlled substances for his personal use committed fraud upon the nursing profession.