539 A.2d 906

Michael G. Bortulin and Clara Allison *v.* Harley-Davidson Motor Co., Inc. et al. Michael G. Bortulin, Appellant.

Michael G. Bortulin and Clara Allison *v.* Harley-Davidson Motor Co., Inc. et al. Michael G. Bortulin, Appellant.

Argued December 18, 1987, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Gordon W. Gerber, Dechert, Price* & *Rhoads,* with him, *Mark S. Pinnie, Lord* & *Mulligan,* for appellants, Michael G. Bortulin and Clara Allison.

*Barbara L. Hollenbach,* with her, *Robertson B. Taylor, Holland, Taylor and Sorrentino,* for appellee, Harley-Davidson Motor Co., Inc.

*Jessie L. Smith,* Office of Attorney General, Torts Litigation Unit, for appellee, Department of Transportation.

*James J. Donohue, White and Williams,* for appellee, The Pennsylvania State University.

*Albert E. Hart, Jr., LaBrum and Doak,* for appellee, Franklin County.

*Paul F. Lantieri,* with him, *Albert L. Bricklin, Bennett, Bricklin & Saltzburg,* for appellee, Fawn Aileen Bumbaugh.

OPINION BY JUDGE PALLADINO, March 30, 1988:

Michael G. Bortulin and Clara Allison (Appellants) appeal an order of the Court of Common Pleas of Philadelphia County (trial court) sustaining the preliminary objections of the Commonwealth of Pennsylvania, Department of Transportation (PennDOT). We affirm.

Appellants were involved in a motor vehicle accident on or about April 26, 1985 when the motorcycle upon which they were riding was struck by an automobile driven by Fawn Aileen Bumbaugh (Bumbaugh). The accident occurred in the Borough of Mont Alto, Franklin County as Bumbaugh was exiting the Mont Alto campus of the Pennsylvania State University by means of a bridge located on the campus and a road in Quincy Township.

Appellants filed a complaint in the trial court on July 10, 1986 against Harley-Davidson Motor Company, Inc.[1] (the manufacturer of the motorcycle upon which they were riding), PennDOT, the Pennsylvania State University, the Borough of Mont Alto, Quincy Township, Franklin County, and Bumbaugh. The complaint alleged negligence, strict liability, and warranty claims against the various defendants.

Bumbaugh and PennDOT filed preliminary objections to the complaint and asserted that venue in Philadelphia County was improper.[2] Bumbaugh argued that

---

[1] Appellants alleged in their complaint that Harley-Davidson Motor Company, Inc. is a Wisconsin corporation with a registered office in Philadelphia, Pennsylvania.

[2] The remaining defendants also filed preliminary objections, which Appellants allege were untimely filed. The trial court dismissed these as moot because of the transfer of the case to Franklin County.

venue was proper in Franklin County because the polit-
ical subdivision defendants were located there and re-
quested that the case be transferred to Franklin Coun-
ty. PennDOT contended that venue as to it was improp-
er in Philadelphia County and requested the trial court
to dismiss the complaint with prejudice or, in the alter-
native, to transfer the action to Franklin County.

Appellants opposed the preliminary objections and
requested dismissal of the same or, in the alternative,
dismissal of the action without prejudice. Appellants
also filed a separate motion for permission to discontin-
ue as to PennDOT only.

On January 9, 1987, the trial court sustained the
preliminary objections of PennDOT and ordered the ac-
tion transferred to Franklin County.[3] Appellants filed a
petition for reconsideration and again requested permis-
sion to discontinue as to PennDOT. In the alternative,
Appellants requested that the action be transferred to
Dauphin County. The trial court denied the petition for
reconsideration. By order dated June 11, 1987, this
court permitted an appeal of the order sustaining the
preliminary objections and transferring the action to
Franklin County,[4] but quashed an appeal of the trial
court's denial of the motion for permission to discontin-
ue as to PennDOT.

Appellants now argue that the trial court erred in
sustaining the preliminary objections and contend that
venue as to PennDOT *was* proper in Philadelphia

---

[3] The trial court dismissed Bumbaugh's preliminary objections
to venue as moot because of the transfer of the action to Franklin
County.

[4] Pa. R.A.P. 311 provides for an appeal as of right from an
order in a civil action or proceeding changing venue, transferring
the matter to another court of coordinate jurisdiction, or declining
to proceed in the matter on the basis of forum non conveniens or
analogous principles.

County. Appellants argue that even if venue as to PennDOT was improper in Philadelphia County, the trial court should have permitted a discontinuance as to PennDOT or transferred the action to Dauphin County.

We note that in reviewing a trial court's order sustaining preliminary objections, an appellate court must determine if any doubt exists as to whether or not the preliminary objections were properly sustained, resolving any existing doubt by overruling the objections. *Hempfield Township Appeal*, 102 Pa. Commonwealth Ct. 514, 518 A.2d 1314 (1986).

In this case, venue as to PennDOT is governed by Section 8523(a) of the Judicial Code, 42 Pa. C. S. §8523(a). Section 8523(a) provides that actions for claims against a Commonwealth party may be brought *in and only in* a county where the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.[5] Although Section 8523(a) does not define "principal office" or "local office," the Attorney General has been authorized to promulgate rules and regulations not inconsistent with this act in order to implement its intent. Section 3(b) of the Act of September 28, 1978, P. L. 788. The subject of these rules and regulations may include the designation of principal and local offices for Commonwealth agencies. *Id.*

Pursuant to this authority, the Attorney General has promulgated regulations, effective April 26, 1986, which define "principal office" and "local office" for purposes of venue. 37 Pa. Code §§111.1, 111.4. PennDOT's "principal office" for venue purposes is located in Harrisburg, Dauphin County. *Id.* Section 111.4(c) pro-

---

[5] PennDOT is a "Commonwealth party" under Section 8501 of the Judicial Code. 42 Pa. C. S. §8501.

vides that the "local office" of the Commonwealth party shall be the local office located in that county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. Under these provisions, then, venue as to PennDOT is proper in either Dauphin County, the location of its principal office, or in Franklin County, the cause of action county.

Appellants contend that these regulations are inapplicable to the instant case because they were promulgated *after* the date of the accident.[6] This contention is without merit. In determining whether a particular statute is to be given retroactive effect, the Pennsylvania Supreme Court has distinguished between statutes which impact upon procedural matters and those which affect a party's substantive rights. In *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 392 A.2d 1380 (1978), the Supreme Court concluded that when a party's substantive rights are involved, the law which was in effect at the time the cause of action arose must be applied. In contrast, procedural rules are applicable to actions instituted *after* the effective date of the rules. *Id.* The Supreme Court has also held that venue is essentially procedural in nature, rather than substantive. *McGinley v. Scott,* 401 Pa. 310, 164 A.2d 424 (1960). Thus, the Attorney General regulations pertaining to venue apply to this case because they were in effect prior to the commencement of Appellants' action.

We further recognize that venue as to the Borough of Mont Alto, Quincy Township, and Franklin County is

---

[6] At the time of the accident, there were no regulations pertaining to venue. The only regulations contained in 37 Pa. Code §111 provided that service of process upon PennDOT could be made at its principal office in Harrisburg, Dauphin County, or at the offices of chief counsel in Philadelphia, Philadelphia County and Pittsburgh, Allegheny County.

proper in Franklin County. Pa. R.C.P. No. 2103(b) provides that, except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located. *See* Pa. R.C.P. No. 1006(c).

Appellants contend that even if venue as to PennDOT is improper in Philadelphia County, the trial court should have transferred the case to Dauphin County, rather than to Franklin County. Assuming that venue would also be proper in Dauphin County, we nevertheless cannot conclude that the trial court abused its discretion in transferring the action to Franklin County when the political subdivisions were located in Franklin County and the cause of action arose there. *See* Pa. R.C.P. No. 1006(d).[7]

Finally, Appellants assert that the trial court erred in denying permission to discontinue as to PennDOT. However, Appellants' appeal of the trial court's denial was quashed by this court. Thus, that issue is not properly before us and we will not consider it.

Accordingly, we affirm.

ORDER

AND NOW, March 30, 1988, the order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of the Commonwealth of Pennsylvania, Department of Transportation in the above-captioned matter is affirmed.

---

[7] We note that Section 8523(a) of the Judicial Code permits a Judge of the Court of Common Pleas of Dauphin County to transfer an action to an appropriate county where venue would otherwise lie, if venue is obtained in Dauphin County solely because the principal office of a Commonwealth party is located there. 42 Pa. C. S. §8523(a).