551 A.2d 344

Michael F. DePanfilis, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

Argued October 3, 1988, before Judges COLINS and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Carl Gainor,* for petitioner.

*Joyce McKeever,* Chief Counsel, Bureau of Professional and Occupational Affairs, with her, *Alexandra J. Matthews,* State Board of Pharmacy, and *Velma A. Boozer,* Chief Counsel, Department of State, for respondent.

OPINION BY JUDGE COLINS, December 7, 1988:

Petitioner, Michael Francis DePanfilis, appeals an order of the State Board of Pharmacy (Board) which suspended his license to practice pharmacy for two years and assessed a civil penalty against him in the amount of $750.00. We affirm.

Petitioner has been a licensed pharmacist in the Commonwealth since 1977. He has been the owner of Cliffe's Pharmacy located in Ridgeway, Pennsylvania since 1983. On September 5, 1985, petitioner pleaded guilty to eleven (11) counts of Medicaid fraud pursuant to Section 1407 of the Public Welfare Code (Code).[1] Petitioner was billing the Department of Public Welfare for name brand prescription drugs when, in fact, generic drugs were dispensed.

On December 9, 1986, the Board issued an administrative complaint and order which directed petitioner to appear at a hearing on January 6, 1987, to show cause why his pharmacist's license should not be suspended or revoked based upon petitioner's guilty plea to Medicaid fraud charges. Petitioner's answer denied that his conduct constituted an offense in connection with the practice of pharmacy, in violation of Section 5(a)(2) of the Pharmacy Act (Act).[2]

---

[1] Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §1407, *added by* Section 3 of the Act of July 10, 1980, P.L. 493, *as amended.*

[2] Act of September 27, 1961, P.L. 1700, *as amended,* 63 P.S. §390-5(a)(2).

At the hearing, the Board's prosecutor introduced a copy of the criminal information filed in the Court of Common Pleas of Elks County (trial court) which contained the original thirty-four counts brought against petitioner in the fraud action. In addition, the Board's prosecutor introduced the order of the trial court which contained the eleven counts to which petitioner pled guilty. Petitioner's counsel objected to the admission of the criminal information and argued that the only relevant document was the actual adjudication containing only those charges to which petitioner pled guilty. The criminal information was admitted into evidence, however, despite petitioner's objections.

The Board issued its order on February 16, 1988 and found that petitioner's guilty pleas to Medicaid fraud constituted offenses in connection with the practice of pharmacy. Consequently, the Board suspended petitioner's pharmacy license for two years, the first year to be an active period of suspension and the second year to be vacated in favor of probation. Following the issuance of the Board's order, the Board considered and denied a petition for reconsideration, as well as an application for supersedeas pending appeal, by orders of March 9, 1988 and April 21, 1988, respectively. Petitioner's request for a stay pending appeal to this court was likewise denied by an order issued on May 13, 1988.

The issues raised by petitioner in his appeal are whether his guilty pleas to eleven counts of Medicaid fraud constitute an offense committed in the practice of pharmacy pursuant to Section 5(a)(2) of the Act and whether the Board abused its discretion by permitting the introduction of the criminal information.

Our scope of review in this action is limited to determining whether the Board abused its discretion, committed an error of law, or whether any constitution-

al rights were violated. *Cassella v. Pennsylvania Board of Medicine, Bureau of Professions and Occupations,* 119 Pa. Commonwealth Ct. 394, 547 A.2d 506 (1988).

Section 5(a)(2) of the Act provides:

(a) The board shall have the power to refuse, revoke or suspend the license of any pharmacist upon proof satisfactory to it that the pharmacist:

(2) Has been found guilty, pleaded guilty, entered a plea of nolo contendere, or has received probation without verdict, disposition in lieu of trial or an Accelerated Rehabilitative Disposition in the disposition of felony charges, to any offense in connection with the practice of pharmacy or any offense involving moral turpitude before any court of record of any jurisdiction.

Section 2, subsection 11 of the Act,[3] defines "Practice of pharmacy" as ". . . the practice of that profession concerned with the art and science of the evaluation of prescription orders and the preparing, compounding and *dispensing* of drugs and devices, . . . and shall include the proper and safe storage and distribution of drugs, [and] *the maintenance of proper records, . . ."* (Emphasis added.)

Petitioner argues that his violation of the Code does not constitute an offense committed in the practice of pharmacy since the legislature did not include within the definition of "practice of pharmacy" fraud or misrepresentation in billing the Department of Public Welfare. Thus, petitioner argues that the Board incorrectly charged him with a crime in connection with the practice of pharmacy rather than charging him with a crime involving moral turpitude. Accordingly, petitioner ar-

---

[3] 63 P.S. §390-2(11).

gues that the Board's order must be reversed. We disagree.

In a case very similar to the case *sub judice, Catena v. State Board of Medical Education and Licensure,* 49 Pa. Commonwealth Ct. 542, 411 A.2d 869 (1980), the physician therein, charged with a violation in connection with the practice of medicine, argued that when a physician bills a third-party payor, that activity falls outside the doctor-patient relationship and therefore outside the practice of medicine. However, the *Catena* court held, "it seems clear to us that billing third party payors is within the doctor-patient relationship when a patient becomes the tool of a physician's fraud." *Id.* at 547, 411 A.2d at 871. The court reasoned that the mere substitution of victims should not take the fraudulent action outside the practice of medicine. Similarly, this court in *Giacco v. State Dental Council and Examining Board,* 60 Pa. Commonwealth Ct. 408, 431 A.2d 1147 (1981), stated: "[w]e have consistently held that fraud in the practice of a health care profession is not limited to conduct which directly affects the care of patients but encompasses 'all aspects of professional conduct.' " *Id.* at 409, 431 A.2d at 1148. Petitioner attempts to distinguish the instant matter from the situation presented in *Catena* by asserting that the definition of the practice of medicine at issue in *Catena* included "[m]aking misleading, deceptive, untrue or fraudulent misrepresentation . . ." while "the practice of pharmacy" contains no equivalent language. We do not find this argument persuasive.

The "practice of pharmacy" contained in Section 2(11) of the Act clearly encompasses within its definition the dispensing of drugs and the maintenance of proper records. We find the acts to which petitioner pled guilty, *i.e., billing* the Department of Public Welfare for brand name prescriptions and actually *dispens-*

*ing* generic products, unequivocally fall within the practice of pharmacy. Thus, because petitioner pled guilty to eleven felony counts of offenses committed in the practice of pharmacy, neither the criminal penalty, nor the Board's penalty are egregious nor do they shock the conscience of this court.

Turning to the second issue presented for our consideration, petitioner asserts that his due process rights were violated when the Board admitted the criminal information into evidence at the Board's hearing. Petitioner argues that allowing the admission of the information unduly prejudiced him and unfairly tainted the Board's determination. The Board counters petitioner's argument by asserting that the criminal information was offered for the limited purpose of establishing a foundation for the admission of the order of the trial court issued .in the criminal case.

Pursuant to Section 505 of the Administrative Agency Law,[4] an administrative agency is not bound by the technical rules of evidence when conducting an agency hearing. Accordingly, agencies may receive all evidence that is relevant and of reasonably probative value. *Freudig Associates v. Insurance Department,* 110 Pa. Commonwealth Ct. 311, 532 A.2d 509 (1987).

In the instant matter, we find that the criminal information was of very little relevance to the action before the Board. In addition, we concede that its admission was *potentially* damaging to petitioner. However, we find nothing contained within the Board's adjudication and order to suggest that the Board based its decision upon all thirty-four counts rather than the eleven counts to which petitioner pled guilty. The Board states in its conclusion of law No. 4 that "[r]espondent violated Section 5(a)(2) of the act . . . by and through his pleas of

[4] 2 Pa. C. S. §505.

guilty to eleven felony violations of Section 7(a)(7) of the Fraud Act. . . ."

Because the Board's decision was based solely upon petitioner's guilty pleas to eleven felony counts, we conclude that the admission of the criminal information constituted harmless error.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 7th day of December, 1988, the order of the State Board of Pharmacy suspending the license of Michael Francis DePanfilis is affirmed.