566 A.2d 913

**Desmond BROWN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE BOARD OF PHARMACY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided Nov. 27, 1989.

James R. Protasio, Marcello & Lepley, Williamsport, for petitioner.

Alexandra J. Matthews, Velma A. Boozer, Chief Counsel, Dept. of State, Joyce McKeever, Chief Counsel, Bureau of Professional & Occupational Affairs, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Desmond Brown (Petitioner) appeals an order of the State Board of Pharmacy (Board) denying a hearing on his petition for reinstatement of license to practice pharmacy and giving notice that pursuant to Section 5(d) of the Pharmacy Act [1] Petitioner could not apply again for reinstatement until October of 1995. This Court reverses the order of the Board.

Petitioner was licensed to practice pharmacy until December 16, 1985, at which time his license was automatically suspended by the Board following Petitioner's conviction on October 23, 1985 of five felonies under The Controlled Substance, Drug, Device and Cosmetic Act [2] (Drug Act). The Board's suspension was predicated upon Section 5.1 of the Pharmacy Act [3] which provides for the automatic suspension of a license following a licensee's conviction under the Drug Act.

[1]. Act of September 27, 1961, P.L. 1700, *as amended,* 63 P.S. §§ 390–1 to 390–13.

[2]. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101 to 780–144.

[3]. Added by Section 2 of the Act of May 2, 1985, P.L. 26, repealed and reenacted as Section 7(d.2) by Section 7 of the Act of December 20, 1985, P.L. 433, 63 P.S. § 390–7(d.2).

Several days after the Board issued its notice of suspension, the General Assembly enacted legislation amending the Pharmacy Act by adding Section 5(d)[4] which states that:

Any person whose license, certificate or registration has been suspended or revoked because of a felony conviction under the act of April 14, 1972 (P.L. 233, No. 64), known as 'The Controlled Substance, Drug, Device and Cosmetic Act,' ... may apply for reinstatement after a period of at least ten years has elapsed from the date of conviction.

Section 5(d) became effective January 1, 1986, twelve days after Petitioner received actual notice of his suspension. On October 6, 1988, Petitioner filed a petition for reinstatement of license in which he requested a hearing. The Board denied the petition relying upon Section 5(d) and further notified Petitioner that Section 5(d) prohibited the Board from even considering an application for reinstatement until ten years after the date of his conviction.

## I

Several issues are presented on review of the Board's order[5]: (1) whether Petitioner has any property rights in his suspended license; (2) whether the Board's reliance on Section 5(d) of the Pharmacy Act was a retroactive application since Petitioner's conviction and suspension preceded the effective date of Section 5(d); and, if so, (3) whether Section 5(d) impacts merely procedural matters or affects Petitioner's substantive rights thus making the Pharmacy Act's retroactive application impermissible.[6]

4. Added by Section 4 of the Act of December 20, 1985, P.L. 433, 63 P.S. § 390-5(d).

5. This Court's scope of review is limited to determining whether constitutional rights have been violated, an error of law committed, or necessary findings of fact were supported by substantial evidence. *DePanfilis v. State Board of Pharmacy*, 121 Pa.Commonwealth Ct. 526, 551 A.2d 344 (1988).

6. Petitioner argues that Section 5(d) is penal in nature and that application of its provisions to his case constitutes a violation of the ex post facto clause of the Pennsylvania Constitution, Article I, Section 17. Insofar as Section 5(d) addresses reinstatement procedures as opposed to suspension procedures, it is regulatory in nature and not

■ Undoubtedly, the holder of a valid and existing professional license has a property interest in such license. "[T]he right to practice a profession, once acquired, does constitute a property right in the license." *Brady v. State Board of Chiropractic Examiners,* 79 Pa.Commonwealth Ct. 608, 613, 471 A.2d 572, 575, *appeal dismissed,* 506 Pa. 83, 483 A.2d 1376 (1984). Once that license has been revoked, however, "through a procedure consistent with the individual's due process guarantees, that individual is stripped of whatever property interest he possessed in the license." *Keeley v. State Real Estate Commission,* 93 Pa.Commonwealth Ct. 291, 296, 501 A.2d 1155, 1158 (1985). Petitioner's license was not revoked, but suspended, and thus the nature of his interest is not so clearly defined. A suspension of right is defined as:

> "[t]he act by which a party is deprived of the exercise of his right for a time. A temporary stop of a right, a partial extinguishment for a time, as contrasted with a complete extinguishment, where the right is absolutely dead.... It differs from extinguishment because a suspended right is susceptible of being revived which is not the case where the right was extinguished."

Black's Law Dictionary 1297 (5th ed.1979). Insofar as Petitioner's suspended license was susceptible to revival, this Court finds that he still possessed a property right entitled to due process protection.

## II

■ It is then necessary to determine whether the Board's reliance on Section 5(d) in its order denying Petitioner a hearing constituted retroactive application of the legislation. The Board argues that the fact that Petitioner applied for reinstatement after the effective date of the legislation made his petition subject to the ten-year limitation of Section 5(d), while Petitioner maintains that the date

penal, its purpose being the regulation of those who practice pharmacology in the Commonwealth. *Galena v. Department of State Professional & Occupational Affairs,* 122 Pa.Commonwealth Ct. 315, 551 A.2d 676 (1988).

of his suspension is the relevant date and thus Section 5(d) should not apply. This Court has previously held that "[u]nder the Pharmacy Act, the event which results in the automatic suspension of Petitioner's license ... is his *'conviction'* of felonies under the Drug Act...." *Morris v. Pennsylvania State Board of Pharmacy,* 113 Pa.Commonwealth Ct. 318, 322, 537 A.2d 93, 95 (1988). In *Morris,* petitioner argued that the date he committed the crimes (that date being prior to January 1, 1986) was the relevant date. This Court rejected Morris' argument holding that his commission of the felonies "was merely an antecedent act, albeit of course an important one, which put the chain of events in motion." *Id.*

The same analysis employed in *Morris* is applicable here. Petitioner's conviction was the event that triggered his automatic suspension under Section 5.1 of the Pharmacy Act; however, it was the actual suspension of his license which triggered Section 5(d) imposing the ten-year waiting period for reinstatement. Therefore, the Board's reliance upon Section 5(d), which was not effective until twelve days after suspension, did constitute retroactive application.

A statute shall not be construed to be retroactive "unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926 (1989–90). "[R]etrospective laws which have been deemed reasonable are those which 'impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted.'" *Krenzelak v. Krenzelak,* 503 Pa. 373, 382–383, 469 A.2d 987, 991 (1983) (quoting *Barnesboro Borough v. Speice,* 40 Pa.Superior Ct. 609, 612 (1909)). Thus, retroactive application of legislation is not constitutionally objectionable when a statutory amendment involves a merely procedural change. *Lang v. County of Delaware,* 88 Pa. Commonwealth Ct. 452, 490 A.2d 20 (1985). As noted by this Court in *Bortulin v. Harley–Davidson Motor Co., Inc.,* 115 Pa.Commonwealth

Ct. 42, 539 A.2d 906, *appeal denied,* 521 Pa. 606, 555 A.2d
116 (1988):

> In determining whether a particular statute is to be given
> retroactive effect, the Pennsylvania Supreme Court has
> distinguished between statutes which impact upon proce-
> dural matters and those which affect a party's substan-
> tive rights. In *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 392
> A.2d 1380 (1978), the Supreme Court concluded that when
> a party's substantive rights are involved, the law which
> was in effect at the time the cause of action arose must
> be applied. In contrast, procedural rules are applicable to
> actions instituted *after* the effective date of the rules.

*Id.,* 115 Pa.Commonwealth Ct. at 47, 539 A.2d at 909.[7]

### III

■ The Board correctly argues that Petitioner cannot
claim a due process right to a hearing unless he can show
that he had a legitimate and identifiable claim of entitle-
ment to that hearing. *Pennsylvania Interscholastic Ath-
letic Association v. Greater Johnstown School District,* 76
Pa.Commonwealth Ct. 65, 463 A.2d 1198 (1983). Prior to
the enactment of the ten-year limitation of Section 5(d), the
Pharmacy Act was silent as to the length of any suspension
for a drug-related conviction. The Board interprets this
silence in the prior legislation to mean that Petitioner had
no right to a hearing for reinstatement and in fact argues
that when Section 5(d) became effective, he gained a sub-
stantive right. The right gained, according to the Board,
was the "substantive right to petition for reinstatement
pursuant to certain objective criteria, by and through Sec-
tion 5(d) of the Pharmacy Act...." Respondent's Brief, p.
8.

The argument presented by the Board is inconsistent. If
the Board concedes that Petitioner has a substantive right
under Section 5(d) to petition for reinstatement after ten

---

**7.** Substantive law is defined as: "[T]hat which creates duties, rights
and obligations, while 'procedural or remedial law' prescribes meth-
ods of enforcement of rights or obtaining redress...." Black's Law
Dictionary 1281 (5th ed.1979).

years, it does not logically follow that he enjoyed no rights under the prior legislation which allowed Petitioner to petition for rehearing at any time. This Court finds that rather than granting new rights, the result of Section 5(d) was to burden previously existing substantive rights. "[W]hen substantive rights are involved, the applicable law must be that which is in effect at the time the cause of action arises." *Bell v. Koppers Co.*, 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978). Insofar as Section 5(d) of the Pharmacy Act impaired Petitioner's right to petition the Board for revival or reinstatement of his license, this Court finds that its retroactive application was unconstitutional.

Accordingly, the order of the Board denying Petitioner a hearing on his petition for reinstatement is reversed.

## ORDER

AND NOW, this 27th day of November, 1989, the order of the State Board of Pharmacy is reversed.

DOYLE, Judge, concurring and dissenting.

I agree with the majority opinion insofar as it concludes that one possesses a property right in a suspended license. I dissent, however, from that portion of the opinion which concludes that there has been an impermissible retroactive application of the pertinent statute to Petitioner's case.

The Board held that Petitioner could not apply for reinstatement until ten years after his conviction date. It based its determination on the ten-year limitation appearing in Section 5(d) of the Pharmacy Act,[1] 63 P.S. § 390–5(d), which Section, as noted by the majority, did not become effective until January 1, 1986. Petitioner maintains that the application of the ten-year provision to him would constitute an impermissible retroactive application. The Board contends, on the other hand, that since the amendment to the Pharmacy Act became effective on January 1, 1986 and Petitioner applied for reinstatement on October 4, 1988, the mandatory

1. Act of September 27, 1961, P.L., 1700, *as amended.*

ten-year suspension provision has not been retrospectively applied to him.

We have already determined, in a case where the licensee was convicted and his license automatically suspended *after* January 1, 1986, that "[u]nder the Pharmacy Act, the event which results in the automatic suspension of Petitioner's license ... is his *"conviction"* of felonies under the Drug Act." *Morris v. Department of State, Bureau of Professional and Occupational Affairs, State Board of Pharmacy,* 113 Pa.Commonwealth Ct. 318, 322, 537 A.2d 93, 95 (1988). Here, Petitioner was convicted of felonies under the Drug Act *prior to* the effective date of Section 5(d) of the Pharmacy Act; therefore, there is no question that the automatic suspension provision appearing in Section 5.1 of the Pharmacy Act, *formerly* 63 P.S. § 390–5a, (later repealed and reenacted as Section 7(d.2), 63 P.S. § 390–7(d.2)) was applicable to Petitioner's case. Under the Pharmacy Act, prior to the enactment of the ten-year limitation in Section 5(d), a pharmacist who had his or her license suspended possessed a right to petition for a hearing for reinstatement at *any* time. The question of when such petition would be granted was not specifically covered by statute. Petitioner concedes that under the prior law, because the Act did not set *any* specific time limit for reinstatement from suspension, that issue was determined by the Board in the exercise of its discretion.[2]

The inquiry, thus, is once a licensee's license has been suspended (whether automatically or otherwise) does an act of the legislature barring an application for reinstatement for ten years apply to those licenses *already* suspended, or does the Act apply only to licensees' whose licenses are suspended *after* the effective date of the new law? I

---

**2.** Petitioner stresses that the suspension procedures are penal in nature and must be strictly construed; however, we are addressing the reinstatement procedures, not the suspension procedures. These are regulatory in nature, *i.e.,* they regulate those persons who practice pharmacology in the Commonwealth. *See Galena v. Department of State,* 122 Pa.Commonwealth Ct. 315, 551 A.2d 676 (1988).

believe the former is the correct analysis and the better view based on the underlying legal principles.

It is well-settled principle of law that when a statutory amendment involves a procedural change, rather than a revision of substantive rights, there is no constitutional objection to retrospective application. *Lang v. County of Delaware*, 88 Pa.Commonwealth Ct. 452, 490 A.2d 20 (1985); *Crisante v. J.H. Beers, Inc.*, 297 Pa. Superior Ct. 337, 443 A.2d 1150 (1982). As Judge Palladino wrote in *Bortulin v. Harley–Davidson Motor Co., Inc.*, 115 Pa.Commonwealth Ct. 42, 539 A.2d 906 (1988),

> In determining whether a particular statute is to be given retroactive effect, the Pennsylvania Supreme Court has distinguished between statutes which impact upon procedural matters and those which affect a party's substantive rights. In *Bell v. Koppers Co., Inc.*, the Supreme Court concluded that when a party's substantive rights are involved, the law which was in effect at the time the cause of action arose must be applied. In contrast, procedural rules are applicable to actions instituted *after* the effective date of the rules ... [where the date of the occurrence which gave rise to the action occurred *prior* to the effective date of the rule].

*Id.*, 115 Pa.Commonwealth Ct. at 47, 539 A.2d at 909 (emphasis in original).

It is clear that Section 5(d) was intended to relate only to the period of time a pharmacist who has been convicted of drug felonies must wait before applying for reinstatement. There is no infringement upon the pharmacist's *right* to a hearing subsequent to his conviction and suspension, only a ten-year limitation before that right may be realized. Further, Section 5(d) does not change basic rights since prior to the enactment of Section 5(d), the Board, in its discretion, could allow a hearing at any time (even after only one week) *or* require the licensee to wait twenty years. Section 5(d) simply substitutes for the Board's discretionary powers a legislatively mandated ten-year delay. I am convinced such was a proper legislative function and should apply to all suspended licenses, including those previously suspended.

I note that in *Crisante* the Superior Court held that a statute of limitations which had been reduced by amendment could be applied retroactively because it was procedural and not substantive. The instant case presents the mirror image of *Crisante* as we are not here applying a statute to limit the *end date* of the amount of time a party may have to institute an action, but rather, simply applying a statute delaying the *starting date* of Petitioner's right to petition for a reinstatement hearing. Since it is constitutionally permissible to allow retroactive application of a statute which cuts off an individual's right to bring a suit because such statute is procedural, retroactive application of Section 5(d) to this case where rights are not cut off, but merely delayed, must also be permitted.

Accordingly, I would affirm the Board's order denying the petition for a reinstatement hearing until October 23, 1995.