The Honorable Jane English State Representative
35 Forest Glade Circle North Little Rock, Arkansas 72120-1546
Dear Representative English:
I am writing in response to your request for an opinion concerning the revocation of a license to practice nursing in Arkansas. You have asked:
 I am writing to request your opinion on the issue of whether the revocation of a professional license is considered permanent in Arkansas. Specifically, can a nurse who has had her license revoked under A.C.A. § 17-87-309(a)(6) for a one-time incident re-apply for licensure under Ark. Code Ann. § 17-87-301 and be granted a license if she demonstrates rehabilitation and meets the qualifications for it?
RESPONSE
It is my understanding that the Arkansas State Board of Nursing ("Board") takes the position that once the review process has concluded without a successful appeal, a revocation by the Board is a permanent loss of licensure. Thus, according to my understanding, the Board will not entertain an application by one whose nursing license has been finally revoked. The Board's interpretation of the applicable statutes and regulations, while not conclusive, will be upheld unless "clearly wrong." I cannot state that the Board's determination in this regard is clearly wrong. In my opinion, therefore, the answer to your specific question is "no." I believe it will be necessary to amend the applicable laws and regulations *Page 2 
to provide for an application by one whose nursing license has been finally revoked by the Board.
DISCUSSION
Pursuant to A.C.A. § 17-87-309(a) (Supp. 2009), the Board has the authority to "deny, suspend, revoke, or limit" any nursing license for various stated reasons, including "unprofessional conduct."Id. at (6). The license at issue reportedly was revoked on this ground, and I assume the appeal time has run and the revocation is final. Your question regarding reapplication for licensure under these circumstances requires an initial review of the applicable statutes to determine whether there is any provision relating to relicensure after revocation. The legislature in other professional licensing contexts has included such provisions. E.g., A.C.A. § 17-26-321 (Supp. 2009) ("[T]he State Board of Cosmetology may reissue or reinstate the license of any person whose license has been previously revoked."); A.C.A. § 17-51-205 (Repl. 2001) (authorizing the State Board of Health to revoke the license of a water system operator and providing that "[a] license so revoked may be reinstated only if all the conditions that caused revocation have been removed."); A.C.A. § 17-81-314(a) (Repl. 2002) ("A chiropractic license which has been revoked for repeated violations . . . shall not be eligible for reinstatement."); A.C.A. § 17-82-316 (Supp. 2009) (authorizing the Arkansas State Board of Dental Examiners to revoke licenses and stating that "[n]o license revoked by the board shall ever be renewed."); A.C.A. § 17-100-307 (Repl. 2002) (providing that "application may be made to the [Board of Examiners in Speech-Language Pathology and Audiology] for reinstatement" one year from the date of revocation); A.C.A. § 17-101-305 (Repl. 2002) ("At the discretion of the [Veterinary Medical Examining Board], any person whose license is suspended or revoked . . . may be relicensed or reinstated by the board at any time upon written application to the board showing cause to justify relicensing or reinstatement.")
According to my review, there is no comparable relicensing or reinstatement language under the statutes governing the practice of nursing (A.C.A. §§ 17-87-101 — 604 (Repl. 2002 and Supp. 2009). Provision is made for reinstatement of a lapsed
license. A.C.A. § 17-87-308(d) (Supp. 2009) ("Any licensee who allows his or her license to lapse by failing to renew the license as provided in this section may be reinstated by the board on payment of the renewal fee plus a penalty.") And there is a reference to persons who have "been reinstated in any jurisdiction" *Page 3 
after having "voluntarily surrendered" their license. A.C.A. § 17-87-309(a)(8) (Supp. 2009). But there is no mention of reissuing or reinstating a license that has been revoked.
In my opinion, the absence of similar language in this respect is not necessarily determinative. As illustrated above, the legislature in other contexts has both authorized and prohibited licensing after revocation. It is therefore difficult to read any particular directive into this silence. Nor do I view the term "revoke" as itself decisive of the matter. "Revoke" means "to take back or withdraw; annul, cancel, or reverse; rescind or repeal." RandomHouse Webster's Unabridged Dictionary 1648 (2d ed. 2001). While this clearly connotes a total deprivation, it does not necessarily contemplate only a permanent and irreversible condition. It might therefore be argued that there is nothing prohibiting an application by a person whose license has been previously revoked. One arguing this point might also observe that the various statutes governing license applications refer simply to an "applicant," which term is undefined. E.g., A.C.A. § 17-87-301 (Repl. 2002) (regarding evidence required of "an applicant for a license to practice professional nursing.")
It must nevertheless be recognized that the Board does not interpret the term "applicant" in this respect to include a person whose license has been previously revoked in Arkansas. This is reflected in the Board's rules, which provide every "applicant for a license" the "opportunity to be heard before the Board."Arkansas State Board of Nursing Rule and Regulations (2001), Chp. 7, Section XI(B). This right extends to an applicant who has been denied either an examination for licensing or a license after examination on the grounds that his or her license "has been revoked . . . and not reinstated by the jurisdiction which took suchaction." Id. at Chp. 2, Section I(D) (emphasis added); Chp. 7, Section XI(A)(a) and (B)(1).[1] As explained above, there is no provision under the Arkansas Code for reinstating a revoked license. Nor do the Board's rules contain any such provision. It can therefore be assumed that this rule is not referring to Arkansas when it mentions reinstatement "by the jurisdiction which took such action." Thus, according to my reading, the rules do not contemplate that the Board will hear an *Page 4 
application by one whose license was revoked in Arkansas. Indeed, I am informed that this is how the Board interprets its rules.
As interpreted by the Board, therefore, a revocation by the Board is a permanent loss of licensure. The Board does not interpret the statutes to require that it hear an application after there has been a final license revocation. This interpretation of the statutes pertinent to the Board's mission is not conclusive, but it will be afforded great deference by a court and will be upheld unless "clearly wrong." See generally Macsteel, ParnellConsultants v. Ark. Ok. Gas Corp.,363 Ark. 22. 210 S.W.3d 878 (2005); McClane Co.,Inc. v. Davis, 353 Ark. 539, 110 S.W.3d 251 (2003);Ark. Soil, Water Conserv. v. City of Bentonville,351 Ark. 289, 92 S.W.3d 47 (2002); Cave City Nursing Home,Inc. v. Arkansas DHS, 351 Ark. 13, 89 S.W.3d 884 (2002);Cyphers v. United Parcel Service,68 Ark. App. 62, 3 S.W.3d 698 (1999); ACW Inc. v. Weiss,329 Ark. 302, 947 S.W.2d 770 (1997).
I cannot state that the Board's determination in this regard is "clearly wrong." As noted, there is no statutory provision relating to the reissuance or reinstatement of a revoked license. The only reference in the Code to a revoked license is found in A.C.A. § 17-87-309 (Supp. 2009), which sets forth various grounds upon which the Board may "deny, suspend, revoke, or limit any license . . . issued by the board or applied for in accordance with the provisions of this chapter or . . . otherwise discipline a licensee. . . ." Id. at (a).[2] Such action by the Board pursuant to *Page 5 
section 17-87-309 requires notice and a hearing. Id. at (c) ("Proceedings under this section shall be as provided in the Arkansas Administrative Procedure Act, A.C.A. § 25-15-201 et seq.)". As one of the grounds for denying a license application, subsection 17-87-309(a)(7) refers in relevant part to a person who "[h]as had a license . . .revoked . . . in any jurisdiction[.]" (Emphasis added.)
It might be argued that this statute inferentially contemplates reapplication after revocation in Arkansas. However, it is apparent from the Arkansas State Board of Nursing Rule and Regulations
that the Board does not interpret the statute in this manner. As explained above, the rules afford a hearing to an applicant whose license was revoked and not reinstated in anotherjurisdiction. The rules do not provide for hearing an application by one whose license was revoked in Arkansas. That person was afforded a hearing on the Board's revocation decision, consistent with subsection 17-87-309(c)'s requirement that the Board follow the Administrative Procedure Act when revoking a license. But the Board plainly does not view this statute as authority for a person to reapply after their license has been revoked, or for the Board to hear such an application. I cannot state that the Board is wrong in this respect, given the absence of any language in section 17-87-309 clearly relating to relicensing after revocation.
It may also be relevant to note that as a general matter the Board is not constitutionally obliged to hear a license application after all proceedings on a license revocation have been finally concluded. This follows from rulings to the effect that there is no property right in a professional license which has been revoked consistent with due process. E.g., Jones v. Alabama State Board ofPharmacy, 624 So.2d 613 (Ala.Civ.App. 1993); Pittenger v.Department of State, 142 Pa. Commw. 57, 596 A.2d 1227 (1991);G.Kudish v. Bradley, 698 F.2d 59 (1st Cir. 1983); Hicks v.Georgia State Bd. of Pharmacy, 553 F. Supp. 314 (N.D. Ga. 1982). *Page 6 
In conclusion, the Board has determined that once the review process has concluded without a successful appeal, a revocation by the Board is a permanent loss of licensure. I cannot state that this determination is clearly wrong. I believe it will be necessary to amend the applicable laws and regulations to provide for an application by one whose nursing license has been finally revoked by the Board.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] The Board has the power and duty under the statutes to "[e]xamine, license, and renew the licenses of qualified applicants for professional nursing. . . ." A.C.A. § 17-87-204(14) (Supp. 2009). It is further authorized to adopt "whatever regulations it deems necessary" to implement Arkansas Code title 17, chapter 87. Id. at (1).
[2] The grounds for such denial, suspension, revocation or limitation are set out in subsection 17-87-309(a) as follows:
 (1) Is guilty of fraud or deceit in procuring or attempting to procure a license to practice nursing or is engaged in the practice of nursing without a valid license;
 (2) Is guilty of a crime or gross immorality;
 (3) Is unfit or incompetent by reason of negligence, habits, or other causes;
 (4) Is habitually intemperate or is addicted to the use of habit-forming drugs;
 (5) Is mentally incompetent;
 (6) Is guilty of unprofessional conduct;
 (7) Has had a license, privilege to practice, certificate, or registration revoked or suspended or has been placed on probation or under disciplinary order in any jurisdiction;
 (8) Has voluntarily surrendered a license, privilege to practice, certification, or registration and has not been reinstated in any jurisdiction; or
 (9) Has willfully or repeatedly violated any of the provisions of this chapter.
Additionally, pursuant to subsection 17-87-309(b), the Board must refuse to issue a license to, or revoke the license of, anyone who has pleaded guilty or nolo contendere to or been found guilty of certain offenses listed in A.C.A. § 17-87-312 (Supp. 2009), unless a waiver as authorized by that section has been granted.Id. at (g)(1). A waiver is unavailable, however, in the case of certain serious disqualifying offenses. Subsection 17-87-312(l)(2) states that such offenses "shall result in permanent disqualification." It should be noted that I do not view this "permanent disqualification" provision as any evidence of legislative intent with respect to the permanency of a revocation under subsection 17-87-309(a). Subsection 17-87-312(l)(2) plainly is concerned only with providing an exception to subsection (g)(1)'s waiver authorization. Cf. Op. Att'y Gen. 2008-111 (observing that "no provision of the Code or the Nursing Rules contemplates that a nurse whose license has been revoked and not timely restored upon appeal may be relicensed thereafter.") *Page 1