# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Frederick P. McLeish, | : |
| Petitioner | : |
| | : |
| v. | : No. 273 C.D. 2016 |
| | : Submitted: September 2, 2016 |
| Bureau of Professional and | : |
| Occupational Affairs, State Board | : |
| of Pharmacy, | : |
| Respondent | : |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: September 27, 2016


    Frederick P. McLeish (McLeish), *pro se*, petitions for review of the final adjudication of the State Board of Pharmacy (Board) revoking his license to practice pharmacy in Pennsylvania pursuant to Section 5(a)(10) of the Pharmacy Act, 63 P.S. §390-5(a)(10).[1]  For the reasons that follow, we affirm.


## I.

    In December 2014, upon receiving information that McLeish was "terminated from employment by his hospital employer following his admission

---

[1] Act of September 27, 1961, P.L. 1700, *as amended*, 63 P.S. §390-5(a)(10).

that, over the course of approximately two months, he diverted IV Morphine, Fentanyl and Hydroxizine tablets (all controlled drugs) for his own use and without a valid prescription on multiple occasions, at times diluting prescriptions intended for patient use," the New Jersey State Board of Pharmacy (New Jersey Board) approved an Interim Consent Order of Voluntary Surrender of License for McLeish and ordered him to immediately cease and desist from engaging in the practice of pharmacy in the State of New Jersey, pending rehabilitation and monitoring requirements. (Certified Record (C.R.) at No. 1, Exhibit A, page 1.)

As a result, the Bureau of Professional and Occupational Affairs (Bureau) filed an order to show cause as to why the Board should not suspend, revoke or otherwise restrict his license to practice pharmacy in the Commonwealth of Pennsylvania, which had been inactive since 2002. The Bureau alleged that pursuant to Section 5(a)(10) of the Pharmacy Act, 63 P.S. §390-5(a)(10), the Board has the authority to suspend, revoke or otherwise restrict McLeish's license or impose civil penalties because he received disciplinary action by a proper licensing authority of another state.

In response, McLeish submitted a letter stating, in pertinent part:

> I requested an inactive status be placed on my licensure in Pennsylvania over a decade ago, which was granted as I chose not to practice in Pennsylvania at that time. I respectfully request that my license remain on inactive status, as I have no plans at this time to reactivate my licensure or to practice pharmacy in the Commonwealth of PA.
>
> Of significant note is the fact that I enrolled in, and am a member in good standing, with the Professional

2

> Assistance Program of New Jersey with all the monitoring and reporting requirements commensurate with that organization.

(C.R. at No. 3.)

A hearing before a hearing examiner was held as scheduled but McLeish did not attend. The Bureau entered into evidence its order to show cause and McLeish's answer to the order.

Finding a lack of mitigating evidence to support the imposition of a lesser sanction, the hearing examiner proposed that McLeish's license to practice pharmacy in Pennsylvania be indefinitely suspended until his license in New Jersey has been restored to non-probationary, unrestricted status. The hearing examiner reasoned that the New Jersey Board suspended McLeish's license based on serious concerns over his ability to practice safely due to his drug impairment and Pennsylvania's citizens should be given as much protection as New Jersey's.

The hearing examiner also noted the Board's prior dealings with respect to McLeish's license, including the following: (1) in April 2003, the Board indefinitely suspended McLeish's license and assessed a civil penalty of $1,500 based on findings that McLeish failed to comply with continuing education courses and procured a license through fraud, misrepresentation or deceit by using duplicate forms and non-approved courses to indicate that he had fulfilled the continuing education requirements; (2) in November 2006, after McLeish completed the terms of his suspension, the Board reinstated his license to reflect its expired status; (3) in December 2006, the Board suspended McLeish's license for a

3

period of three years, and stayed the suspension in favor of three years of probation in Pennsylvania's monitoring program, due to disciplinary action taken by the New Jersey Board in September 2002 based on allegations that McLeish diverted Schedule II controlled substances for his own use from his employer, and McLeish's unfitness to practice safely due to intemperance in the use of alcoholic beverages, controlled substances or any other substances that impair the performance of professional duties; and finally, (4) in February 2008, the Board reinstated McLeish's license after he successfully completed the terms and conditions of his December 2006 probation.

The Board issued a notice of intent to review the record established before the hearing examiner and neither party filed a brief on exceptions to the hearing examiner's proposed adjudication. The Board then issued its final adjudication and order, adopting the history, findings of fact, conclusions of law and portions of the discussion of the hearing examiner's proposed adjudication, and modifying the hearing examiner's proposed order by revoking McLeish's license. The Board explained:

> The Board believes that the sanction imposed needs to send the appropriate message to [McLeish] that reciprocal discipline involving the diversion of drugs by members of the profession will not be tolerated and that the Board takes such matters very seriously in light of its role in protecting the safety of the public as well as the integrity of the profession.
>
> The Board believes that the point of discipline is multifaceted. There is a deterrent effect and a punishment component that must be factored in when determining the appropriate sanction. Clearly, each sanction must be crafted from the specific facts of each case to achieve its desired results. Here, the Board finds

4

that in order to fulfill its duty as protectorate of the public and to the integrity of the profession it needs to send a clear message about the severity of [McLeish's] violations – both to the citizens of the Commonwealth and to [McLeish] himself. Therefore, it is necessary to impose a more stringent sanction than the one recommended by the hearing examiner in her proposed report.

Great trust is placed in pharmacists as healthcare providers. Pharmacists have the responsibility to ensure that prescription drugs are legally distributed. Drug diversion has led to numerous overdose deaths within this Commonwealth and throughout the country. [McLeish's] actions in failing to conform to the prevailing standards of practice in New Jersey were not only a violation of this Act but they exhibit a complete lack of professionalism and responsibility to the public when dealing with powerful narcotics. [McLeish's] actions are extremely troubling to the Board in light of the ongoing battle with drug diversion in this Commonwealth and throughout the country coupled with the fact that [McLeish] had committed similar violations in the past and apparently did not value the second chance that was afforded to him.

(C.R. at No. 9, pages 3-4.)

## II.

On appeal,[2] McLeish argues that the Board's revocation of his license is excessive and not supported by substantial evidence because his Pennsylvania

---

[2] Our review determines whether the Board abused its discretion, committed an error of law, or violated constitutional rights. *DePanfilis v. State Board of Pharmacy*, 551 A.2d 344, 345 (Pa. Cmwlth. 1988). The Board's decision must be supported by substantial evidence. *Cassella v. State Board of Medicine, Bureau of Professional and Occupational Affairs*, 547 A.2d 506, 510 n.23 (Pa. Cmwlth. 1988). "Substantial evidence is that relevant evidence which a reasonable **(Footnote continued on next page…)**

license has been inactive since 2002 and he has no intention of practicing in Pennsylvania. As a result, McLeish contends that he is not in a position to harm the citizens of Pennsylvania and, thus, an indefinite suspension of his Pennsylvania license until his license in New Jersey has been restored to non-probationary, unrestricted status would be sufficient.

Section 5(a)(10) of the Pharmacy Act provides:

> (a) The board shall have the power to refuse, **revoke** or suspend the license of any pharmacist upon proof satisfactory to it that the pharmacist:
>
> ***
>
> (10) Has had a license to practice pharmacy suspended, revoked or refused, or received other disciplinary action by the proper pharmacist licensing authority of another state, territory or country.

63 P.S. §390-5(a)(10) (emphasis added).

The Board is not bound by the hearing examiner's sanction. *See Telesford v. Bureau of Professional and Occupational Affairs, State Board of Medicine*, 916 A.2d 1218 (Pa. Cmwlth. 2007). Indeed, our Supreme Court has expressly held that where, as here, the facts are undisputed and the record reflects that the practitioner was given a full and fair opportunity to present his evidence

---

**(continued…)**

mind might accept as adequate to support a conclusion." *Hercules, Inc. v. Unemployment Compensation Board of Review*, 604 A.2d 1159, 1163 (Pa. Cmwlth. 1992).

6

and arguments to the hearing examiner, procedural due process does not require that he be given additional notice and another hearing before the Board imposes a harsher sanction. *Telang v. Bureau of Professional and Occupational Affairs*, 751 A.2d 1147, 1151–52 (Pa. 2000).

Given McLeish's licensure history in Pennsylvania in conjunction with his substance abuse issues, the disciplinary action taken against him by the New Jersey Board, the lack of mitigating evidence and the state's interest in protecting its citizenry, the Board's revocation of McLeish's license to practice pharmacy in Pennsylvania, as is its prerogative under Section 5(a)(10) of the Pharmacy Act, is not in error.

Accordingly, the order of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frederick P. McLeish, : 
          Petitioner : 
           : 
          v. : No. 273 C.D. 2016
           : 
Bureau of Professional and : 
Occupational Affairs, State Board : 
of Pharmacy, : 
          Respondent : 

# **O R D E R**

AND NOW, this 27th day of September, 2016, the Final Adjudication and Order of the Bureau of Professional and Occupational Affairs, State Board of Pharmacy dated December 18, 2015, is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge