467 A.2d 820

**COMMONWEALTH of Pennsylvania**

v.

**Martin ASKIN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1983.

Decided Nov. 16, 1983.

John W. Packel, Chief, Appeals Div., Jules Epstein, Philadelphia, for appellant.

Stuart Niemtzow, Asst. Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by allowance from an order of the Superior Court, 306 Pa.Superior 529, 452 A.2d 851, affirming convictions of forgery (eleven counts) and conspiracy (one count). Appellant contends that the charge of conspiracy, which was brought in February of 1980 and which alleged that the conspiracy occurred between July 1975 and June 1976, was barred by the two-year statute of limitations set forth in 42 Pa.C.S. § 5552(a). A divided panel of the Superior Court held that the statute of limitations for conspiracy is determined by the statute of limitations for the most serious offense for which appellant could properly have been convicted, which in this case was forgery, an offense with a five-year statute of limitations.

The Superior Court's holding is contrary to the plain language of 42 Pa.C.S. § 5552. At the time the present action was commenced, section 5552 provided:

"**(a) General Rule.**—Except as otherwise provided in this subchapter, a prosecution for an offense other than murder or voluntary manslaughter must be commenced within two years after it is committed.

**(b) Major offenses.**—A prosecution for any of the following offenses under Title 18 (relating to crimes and offenses) must be commenced within five years after it is committed:

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3301 (relating to arson and related offenses).

Section 3502 (relating to burglary).

Section 3701 (relating to robbery).

Section 4101 (relating to forgery).

Section 4902 (relating to perjury)." [1]

Because criminal conspiracy is not an offense enumerated in subsection (b) of section 5552, the two-year statute of limitations established by subsection (a) must apply.[2]

The order of the Superior Court is modified to reverse the conspiracy conviction. As modified, the order of the Superior Court is affirmed.

1. Section 5552 is a recodification of 18 Pa.C.S. § 108, which also provided for a two-year statute of limitations for all offenses not specifically enumerated. Section 5552 was amended after the commencement of the present proceedings by the Act of May 13, 1982, P.L. 417, to provide that a conspiracy to commit specifically enumerated offenses be brought within five years. See 42 Pa.C.S. § 5552(b)(3).

2. Appellant's additional claim that the complaint did not allege accomplice liability is without merit.