491 A.2d 166

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Casper GUIMENTO, a/k/a Cappy Guimento.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1985.

Filed March 29, 1985.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellant.

Thomas Hanlon, Scranton, for appellee.

Before McEWEN, CIRILLO and HESTER, JJ.

CIRILLO, Judge:

"A statute of limitations instead of being viewed in an unfavorable light as an unjust and discreditable defense, should have received such support from courts of justice as would have made it, what it was intended emphatically to be, a statute of repose." *Bell v. Morrison,* 26 U.S. (1 Pet.) 349, 360, 7 L.Ed. 174 (1828).

The Commonwealth appeals an order of the Court of Common Pleas of Luzerne County dismissing a conspiracy

to commit arson charge against appellee Casper Guimento. We affirm.

On July 5, 1983, appellee was arrested and charged with conspiracy to commit arson. 18 Pa.C.S. § 903. The criminal information lodged against Guimento showed the offense date as November 22, 1978 to December 1, 1978. At the time of the alleged offense, the statute of limitations for the crime of conspiracy to commit arson was two years. Act of July 9, 1976, P.L. 586, § 2, *amended by* Act of Oct. 5, 1980, P.L. 693, § 206(a). Therefore, as of December 1, 1980, the two-year statute of limitations had run on this charge. In 1982, however, the limitations period for the crime of conspiracy to commit arson was extended to five years. 42 Pa.C.S. § 5552(b)(3).[1]

■ On the basis of the two-year statute of limitations and the Pennsylvania Supreme Court's ruling in *Commonwealth v. Askin*, 502 Pa. 575, 467 A.2d 820 (1983), the trial court dismissed the charge against appellee.[2]

■ We are asked to determine whether the legislature can enact a law which extends an existing statute of limitation so as to revive a case in which the statutory period has already run. We hold that an extension of a statute of

1. **(b) Major offenses.**—A prosecution for any of the following offenses must be commenced within five years after it is committed:
   (1) Under the following provisions of Title 18 (relating to crimes and offenses):

   .    .    .    .    .

   Section 3301 (relating to arson and related offenses).

   .    .    .    .    .

   (3) Any conspiracy to commit any of the offenses set forth in paragraphs (1) and (2).

2. The trial court misapplied the rule announced in *Commonwealth v. Askin*. In *Askin*, the Supreme Court held that the statute of limitations for conspiracy cannot be determined by the statute of limitations for the most serious offense for which a defendant could properly be convicted. The action in *Askin* was commenced prior to the amendment to section 5552. We, however, may affirm a correct decision of the trial court for any reason, even if the trial court offered an erroneous reason for its decision. *Commonwealth v. Reidenbaugh*, 282 Pa. 300, 422 A.2d 1126 (1980); *Commonwealth v. Hinton*, 269 Pa.Super. 43, 409 A.2d 54 (1979).

limitation cannot revive a case in which the statutory period has run. A contrary result would be in violation of the *ex post facto* clause of Article I, section 17 of the Pennsylvania Constitution.

Article I, section 17 of the Pennsylvania Constitution provides:

> No *ex post facto law,* nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.

In its most basic form, "[a]n *ex post facto* law is one which renders an act punishable in a manner in which it was not punishable when it was committed." 1 W. Blackstone, Commentaries * 46. "[I]t is a proscription which attempts 'to preserve for persons the right to fair warning that their conduct will give rise to criminal penalties.' " *Commonwealth v. Grady,* 337 Pa.Super. 174, 177, 486 A.2d 962, 964 (1984) *quoting Commonwealth v. Hoetzel,* 284 Pa.Super. 623, 630, 426 A.2d 669, 672 (1981). *See also Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

■ In order for a law to be found constitutionally violative of the *ex post facto* clause, one of the following effects must be present:

> (1) The law makes an act criminal which was not criminal when done; (2) The law aggravates a crime, or makes it greater than it was when done; (3) The law changes a punishment, and makes it greater than it was when the punishable act was committed; and (4) The law alters the rules of evidence and requires less or different testimony than the law required at the time the offense was committed, in order to convict.

*Commonwealth v. Riley,* 253 Pa.Super. 260, 264–65, 384 A.2d 1333, 1335 (1978). *See also Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798); *Commonwealth v. Kalck,* 239 Pa. 533, 87 A. 61 (1913); *Commonwealth v. Grady, supra; Commonwealth v. Hoetzel, supra; Commonwealth v. Pickett,* 244 Pa.Super. 433, 368 A.2d 799 (1976).

"The correct focus of an *ex post facto* analysis is an examination of the effect at the time the critical offense is

committed." *DiNapoli v. United States Parole Commission,* 538 F.Supp. 658, 667 (M.D.Pa.1982) *aff'd* 676 F.2d 684 (3rd Cir.1982). In *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), the Supreme Court stated:

> [T]wo critical elements must be present for a criminal or penal law to be *ex post facto:* it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it ... *The critical question is whether the law changes the legal consequences of acts completed before its effective date.*

*Id.* at 29–31, 101 S.Ct. at 964–65, 67 L.Ed.2d at 23–24 (emphasis added; footnotes and citations omitted).

Courts that have considered the relationship between statutes of limitations and the *ex post facto* clauses have adopted an analysis similar to that set forth in *Weaver.* Finding there is a crucial distinction between cases in which the statutory period has already run and those cases where the statutory period has *not yet* run, the

> authorities seem to be in agreement that if the statutory period of the statute has fully run and the bar has once attached so that the defendant could not be prosecuted under the existing statute, the law cannot be changed by future legislation so as to extend the period of limitation as to past offenses, already barred. Such a law would violate the *ex post facto* clause.

Black, *Statutes of Limitations and the Ex Post Facto Clauses,* 26 Ky.L.J. 41, 42 (1937). *See also Moore v. State,* 43 N.J.L. 203 (1881); *State v. Sneed,* 25 Tex.Supp. 66 (1860). *Cf.* 51 Am.Jur.2d *Limitation of Actions* § 44 (1970); 67 A.L.R. 297 (1930). Our Supreme Court made such a distinction in *Commonwealth v. Duffy,* 96 Pa. 506 (1880) when it stated that "in any case where a right of acquittal has not been absolutely acquired by the completion of the period of limitation, that period is subject to enlargement or repeal without being obnoxious to the constitutional prohibition against *ex post facto* law." *Id.* at 514. *See also Tyson v. Johns-Manville Sales Corp.,* 399 So.2d 263 (1981); *People*

v. *Anderson*, 53 Ill.2d 437, 292 N.E.2d 364 (1973); *People v. Massarella*, 80 Ill.App.3d 552, 36 Ill.Dec. 16, 400 N.E.2d 436 (1980), *cert. denied* 449 U.S. 1077, 101 S.Ct. 855, 66 L.Ed.2d 799 (1981).

These courts, while not expressly addressing the question posed in *Weaver*, seemed to do so *sub silentio*. Their primary concern was whether a legislative enactment extending a statute of limitations changed "the legal consequences of acts completed before its effective date." *Weaver, supra*. In cases where a statute had not yet run, there would be no change in legal consequences—a prosecution could still be maintained because the defendant had not obtained an absolute defense of the statute of limitations. However, in cases where a bar to prosecution has already attached, there would be a definite change in legal consequences if an enactment was permitted to revive a case.

In cases falling under the latter situation, not only would the law be applied retroactively, but it would also "disadvantage the offender affected by it." *Weaver, supra*. Essentially, "the extension act ... restoring the expired law, had precisely the same effect as though the offense had not been punishable originally, but had been made so for the first time by restoring the act." Black, *supra* at 45. *See also Moore v. State, supra; State v. Sneed, supra*. Therefore, such a law would be *ex post facto*. *Dobbert v. Florida, supra; Calder v. Bull, supra; Commonwealth v. Kalck, supra; Commonwealth v. Grady, supra*.

■ Turning to the instant case, we hold that the two-year statute of limitations, the law in effect at the time the alleged offense was committed, is the applicable statute. Under this statute, the Commonwealth was required to initiate a criminal prosecution on or before December 1, 1980. After that date, appellee acquired an absolute defense to prosecution for the charged crime. Such a defense could not be taken away by legislative enactment. *Moore v. State, supra*. To hold otherwise would sanction a violation of the Constitution. This we cannot do.

Order affirmed.