537 A.2d 93

David Morris, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs, State Board of Pharmacy, Respondent.

Argued October 9, 1987, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Francis C. Rapp, Jr.,* with him, *Harold Gondelman, Gondelman, Baxter, McVerry, Smith, Yatch & Trimm,* for petitioner.

*Thomas B. York,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief, Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent, Department of State.

*Alexandra J. Matthews,* Prosecuting Attorney for respondent, State Board of Pharmacy.

OPINION BY JUDGE BARRY, February 9, 1988:

David Morris (petitioner) appeals from a letter written by the State Board of Pharmacy (Board) denying him a hearing following the suspension of his license to practice pharmacy for a minimum period of ten years, pursuant to Sections 5 and 7(d.2) of the Pharmacy Act,[1]

---

[1] Section 5(d) of the Pharmacy Act, 63 P.S. §390-5(d), provides in applicable part:

Any person whose license, certificate or registration has been suspended or revoked because of a felony conviction under the act of April 14, 1972 (P.L. 233, No. 64), know [sic] as 'The Controlled Substance, Drug, Device and Cosmetic Act,' . . . , may apply for reinstatement after a period of at least ten years has elapsed from the date of conviction.

on the basis of his plea of nolo contendere in the Court of Common Pleas of Beaver County to charges of felonies under the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[2]

Petitioner held a license to practice pharmacy in the Commonwealth. On August 22, 1985, four criminal informations were filed against him by the Office of the District Attorney for Beaver County for offenses which were alleged to have occurred between June, 1984 and October 1984. The General Assembly, on December 20, 1985, enacted legislation which added Sections 5(d) and 7(d.2) to the Pharmacy Act. This legislation took effect on January 1, 1986.

The trial on the criminal charges brought against the petitioner was scheduled to commence on December 9, 1985. However, it was continued several times for various reasons, including the unavailability of Commonwealth witnesses and the hospitalization of petitioner's counsel. Finally, on July 30, 1986, petitioner entered a plea of nolo contendere to five counts. Two of the charges to which he pled nolo contendere—namely, the knowing, intentional and unlawful dispensation, delivery or giving of Dilaudid, a Schedule II controlled substance, and the knowing, intentional and unlawful dispensation, delivery or giving of Tussionex, a Schedule III controlled substance—were in violation of Section 13(a)(14) of the Drug Act, 35 P.S. §780-113(a)(14), and

---

Section 7(d.2), 63 P.S. §390-7(d.2), provides in applicable part:
> A license issued under this act shall automatically be suspended *upon . . . conviction* of a felony under the act of April 14, 1972 (P.L. 233, No. 64) known as 'The Controlled Substance, Drug, Device and Cosmetic Act.' . . . As used in this section the term 'conviction' shall include a judgment, an admission of guilt or a plea of nolo contendere.

[2] Act of April 14, 1972, P.L. 233, No. 64, 35 P.S. §§780-101—780-144.

constituted felonies under Section 13(f)(1) of said Act. For these crimes, the trial court imposed a five year suspended sentence, as well as five years' probation and a five-year suspension of his license with a $50,000.00 fine.

On December 17, 1986, the Board issued a "Notice of Automatic Suspension" which informed the petitioner that his license to practice pharmacy was automatically suspended and that he could only apply for reinstatement of his license only after a period of ten years had elapsed. Counsel for the petitioner, by letter dated January 15, 1987 and directed to the Bureau of Professional and Occupational Affairs, requested a hearing before the Board. The Board, by its letter of January 26, 1987, informed petitioner's counsel that it was denying petitioner's request for a hearing. This appeal then followed.

Prior to the enactment of the above mentioned legislation, the Board was required to hold a hearing before suspending a pharmacist's license and it was within the Board's discretion to suspend the license for a lesser period of time.[3] The appeal in the present matter is from a letter written by the Board denying petitioner a hearing at which he would have had the opportunity to set forth any circumstances which would have mitigated against the imposition of a ten year suspension of his license. The appeal is thus properly addressed to the appellate jurisdiction of this court. *O'Brien v. State Employees' Retirement System,* 503 Pa. 414, 469 A.2d 1008 (1983).

Petitioner first contends that he was denied such a hearing because of an improper retroactive application

---

[3] Petitioner does not appear to realize that, prior to the enactment of the legislation on December 19, 1985, the Board also had the discretion to permanently revoke a license based on a felony conviction under the Drug Act.

of Sections 5(d) and 7(d.2) of the Pharmacy Act. This court however disagrees with the contention that there has been retroactive application of the legislation enacted on December 20, 1985.

"A statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment." *See Gehris v. Department of Transportation,* 471 Pa. 210, 215, 369 A.2d 1271, 1273 (1977). Under the Pharmacy Act, the event which results in the automatic suspension of petitioner's license for a minimum of ten years is his *"conviction"* of felonies under the Drug Act; his commission of those felonies is merely an antecedent act, albeit of course an important one, which puts the chain of events in motion. In this case the petitioner was convicted of felonies under the Drug Act after the effective date of Sections 5(d) and 7(d.2) of the Pharmacy Act. Application of those sections involves therefore a prospective operation of the statute.

The fact in the present case that the petitioner's criminal trial was originally scheduled to commence before the effective date of the above amendments, but did not in fact commence on that date due to various reasons, is of no relevance to the above analysis.

Petitioner also contends that due process of law requires that he be provided with a hearing at which he would have the opportunity to present evidence which would mitigate against the imposition of a suspension for a period of ten years. Under the Pharmacy Act, as amended, however, the Board does not have discretion to impose suspensions for a period of less than 10 years upon persons who either have been convicted or have pled guilty or nolo contendere to felonies under the Drug Act. Therefore, petitioner's constitutional right to due process of law has not been violated as a result of

the Board's denial of a hearing of the type that he seeks.[4]

Accordingly, the Board's suspension of petitioner's license is affirmed.

ORDER

NOW, February 9, 1988, the order of the State Board of Pharmacy, dated December 17, 1986, at No. 85-54-1414, suspending the license of David Morris for a minimum of ten years, is affirmed.

---

[4] Petitioner does not complain here of the denial of a hearing for the limited purpose of determining whether in fact he was convicted of a felony under the Drug Act.