James A. TATERKA, M.D., Petitioner

v.

BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, State Board of Medicine, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 27, 2005.

Decided July 26, 2005.

Publication Ordered Sept. 30, 2005.

---

Michael E. McGilvery, King of Prussia, for petitioner.

Gerald S. Smith, Senior Counsel in Charge and Ruth D. Dunnewold, Senior Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

James A. Taterka, M.D., petitions for review of an order of the State Board of Medicine (Board) which affirmed an order of a Hearing Examiner assessing against Dr. Taterka a penalty of $1,000.00 for violating Section 903 of the Medical Care Availability and Reduction of Error Act (MCARE),[1] 40 P.S. § 1303.903. We affirm.

Dr. Taterka holds a license to practice medicine and surgery in Pennsylvania. On March 13, 2003, Dr. Taterka, among others, was named as a defendant in a civil medical professional liability action in the Court of Common Pleas of Philadelphia County. On June 3, 2003, the Board was notified by another source that Dr. Taterka had been named as a defendant in the civil suit at issue. Thereafter, on August 20, 2003, the Board notified Dr. Taterka via letter that he had not complied with the reporting requirements of Section 903 of MCARE, which reads in relevant part:

Reporting

---

1. Act of March 20, 2002, P.L. 154.

A physician shall report to the State Board of Medicine ... within 60 days of the occurrence of any of the following: (1) Notice of a complaint in a medical professional liability action that is filed against the physician. The physician shall provide the docket number of the case, where the case is filed and a description of the allegations in the complaint.

40 P.S. § 1303.903. Notwithstanding the Board's notice, Dr. Taterka subsequently failed to comply with the reporting requirements of Section 903.

On January 28, 2004, the Board issued an Order to Show Cause asserting that Dr. Taterka's failure to report the suit against him as required by Section 903 subjected him to disciplinary action under Section 908[2] of MCARE. A hearing before the Hearing Examiner ensued thereafter, at which both parties were represented by counsel and offered evidence.

Before the Hearing Examiner, Dr. Taterka asserted that he has practiced medicine in Pennsylvania for sixteen years, and has never in that period been the subject of discipline or sanction by the Board. He further testified that he was unaware of Section 903's reporting requirements until he received the Board's letter informing him of his failure to comply. Dr. Taterka further testified that he had forwarded the Board's letter on to his attorney, but had never personally sent any of the required reporting information to the Board.

Dr. Taterka's attorney also testified before the Board, stating that while he believed he had forwarded the civil complaint at issue to the Board, he had no accompanying cover letter, or any other documentation, to support that belief. Dr. Taterka's attorney theorized that the Board had misplaced the complaint. Dr. Taterka's attorney assumed responsibility for Dr. Taterka's failure to meet MCARE's reporting requirements.

The Board presented the testimony of an administrator responsible for keeping track of civil complaints sent to the Board pursuant to MCARE's reporting mandates. The administrator testified that her search of her files had not revealed any correspondence from Dr. Taterka, or from anyone on his behalf, in regards to the complaint.

Following the conclusion of the proceeding before him, the Hearing Examiner made findings of fact, and concluded that Dr. Taterka had failed to meet Section 903's reporting requirements. By order dated August 9, 2004, the Hearing Examiner assessed a $1,000.00 civil penalty pursuant to Section 908 of MCARE.

Dr. Taterka appealed the Hearing Examiner's decision to the Board, which reviewed the record of proceedings and the arguments of the parties, without receiving any additional evidence. The Board adopted the Findings and Conclusions of the Hearing Examiner, and affirmed by order dated November 17, 2004. Dr. Taterka now petitions this Court for review of the Board's order.

 This Court's review of an order of the Board is limited to determining whether constitutional rights have been violated,

---

2. Section 908 reads, in relevant part:
 Licensure board-imposed civil penalty
 In addition to any other civil remedy or criminal penalty provided for in this act ... the State Board of Medicine ... by a vote of the majority of the maximum number of the authorized membership of each board as provided by law or by a vote of the majority of the duly qualified and confirmed membership or a minimum of five members, whichever is greater, may levy a civil penalty of up to $10,000 on any current licensee who violates any provision of this act ...
 40 P.S. § 1303.908.

whether the findings of fact are supported by substantial evidence in the record, and whether any errors of law have been committed. *Bhattacharjee v. State Board of Medicine*, 808 A.2d 280 (Pa.Cmwlth.2002).

■ Dr. Taterka presents one general issue in the instant appeal: whether the Board "acted appropriately and within the spirit of the MCARE Act" in sanctioning him, when the Board had already received a copy of the complaint at issue from another party at the time that it found Dr. Taterka had violated Section 903. As support for his argument, Dr. Taterka emphasizes that the General Assembly enacted MCARE to keep track of physicians who were treating patients incompetently, and to that end, enacted the reporting requirements of section 903 to record, retain, and presumably analyze medical malpractice complaints filed against physicians. *See* Sections 102, 904, 905 of MCARE, 40 P.S. §§ 1303.102, 1303.904, 1303.905 (respectively, declaring MCARE's underlying policy, establishing procedures to commence investigations of filed complaints, and authorizing the Board to pursue disciplinary actions if negligent physician practice is found). Dr. Taterka argues that since another of his codefendants in the civil case below had already provided the Board with a copy of the complaint, the Board's sanctioning of Dr. Taterka for not also providing another copy runs counter to MCARE's expressed policy. We disagree.

■ Section 903 expressly mandates that a licensed physician *shall* report any complaint in a medical liability action taken against the physician. Notwithstanding Dr. Taterka's rhetoric regarding MCARE's ultimate goal, the plain language of Section 903 required Dr. Taterka to report the complaint filed against him, and admits of no exception for the Board's receipt of a complaint by another party involved. While Dr. Taterka's statement of the General Assembly's goals in enacting MCARE may ring true, we will not question its clear expressed intent to further those goals by requiring any physician to report to the Board an action such as the one filed below against Dr. Taterka. The General Assembly's expressed intent in Section 903's requirements is clear, and we will not graft an exception thereto where the General Assembly has not provided one. It is axiomatic under our statutory construction precedents that, by definition, the word "shall" is mandatory, and accordingly entertains no room to overlook a statute's plain language to reach a different result. *Lake Naomi Club, Inc. v. Monroe County Board of Assessment Appeals*, 782 A.2d 1121 (Pa.Cmwlth.2001), *petition for allowance of appeal denied*, 568 Pa. 638, 793 A.2d 911 (2002).

Dr. Taterka next argues that the Board's Finding that Dr. Taterka never submitted a copy of the complaint to the Board is without evidentiary support in the record. Dr. Taterka asserts that his attorney testified that he sent the complaint, albeit without any written memorialization thereof, and that the Board's possession of a copy of the complaint gives rise to the inference that it was Dr. Taterka that provided that copy. Dr. Taterka argues that the record does contain support for the Board's Finding to the contrary.

■ Before the Hearing Examiner, the Board presented the testimony of Ms. Sharon Morgan, Board Administrator for the MCARE Unit. Ms. Morgan testified that her duties for the Board include tracking any reports of civil complaints sent to the Board's office, which reports are logged into a computer, and the physician involved subsequently notified of Section 903's reporting mandates. Ms. Morgan testified that her records revealed no correspondence from either Dr. Taterka, or from any representative on his behalf, in regards to the complaint at issue.

Transcript of Proceedings before the Hearing Examiner of June 23, 2004, at 13–15.[3] This testimony constitutes substantial evidence,[4] and as such, Dr. Taterka's argument on this point must fail, notwithstanding his preferred interpretation of the evidence presented before the Hearing Examiner. *Bhattacharjee.*

Accordingly, we affirm.[5]

### ORDER

AND NOW, this 26th day of July, 2005, the order of the State Board of Medicine dated November 17, 2004, at Docket No. 0134–49–04, is affirmed.

---

3. We note that Dr. Taterka's Reproduced Record to this Court does not index the contents, or paginate the material therein, in violation of Pa.R.A.P. Nos. 2173 and 2174. Accordingly, our citation herein is to the Transcript in the Original Record of this matter.

4. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support conclusion. *Cohen v. State Board of Medicine,* 676 A.2d 1277 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 546 Pa. 657, 684 A.2d 559 (1996).

5. Dr. Taterka also impliedly argues that his delegation of the reporting duty to his attorney somehow relieves him of his responsibility under Section 903. While we acknowledge that a licensee is certainly free to empower any agent of his choice with discharging his duty under Section 903, that Section's plain language makes clear that it is the licensee himself, and no other, that bears total responsibility for the filing of the required information. The attorney's alleged failure to execute the duty entrusted to him by Dr. Taterka is a matter between those parties, and is irrelevant to the issue of Dr. Taterka's responsibility to fulfill MCARE's requirements as a licensed physician in this Commonwealth.