IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mohammad Khan, M.D., : 
                Petitioner : 
                     : 
        v. : 
                     : 
Bureau of Professional and : 
Occupational Affairs, : 
State Board of Medicine, :   No. 1047 C.D. 2016
              Respondent :   Submitted: January 20, 2017


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE              FILED: November 21, 2017


      Mohammed Khan (Petitioner) petitions, *pro se*, for review of a final order of the State Board of Medicine (Board), which suspended Petitioner's license to practice medicine following his conviction under Section 13(a)(14) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1]  Upon review, we affirm.

      Petitioner pled guilty on December 11, 2015 to a felony violation of Section 13(a)(14) of the Drug Act.  Following entry of the guilty plea and sentencing by the Court of Common Pleas of Berks County (trial court), the Commonwealth Bureau of Professional and Occupational Affairs (BPOA) filed a petition with the

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. 780-113(a)(14).

Board seeking the automatic suspension of Petitioner's license to practice medicine and surgery pursuant to Section 40(b) of the Medical Practices Act of 1985 (MPA).[2] On April 12, 2016, the Board issued a Notice and Order of Automatic Suspension (Notice) notifying Petitioner that, on consideration of the allegations contained within the BPOA's petition, Petitioner's license was automatically suspended for at least ten years from the date of his conviction. The Notice indicated Petitioner had 20 days in which to file an answer.

Petitioner filed his response with the Board on April 25, 2016. Petitioner asserted in his response that the Board had discretion to impose an automatic suspension for a period of less than ten years. In a prayer for relief, Petitioner requested the Board schedule a hearing to address the issue of discretion. The Board issued a final order of suspension on June 2, 2016, without providing a hearing. This appeal followed.[3]

## DISCUSSION

Petitioner argues ten separate points in his brief, the majority of which are not properly developed. Arguments not properly developed in a brief will be deemed waived. *In re: Condemnation of Land for S.E. Central Business District Redevelopment*, 946 A.2d 1154, 1156 (Pa. Cmwlth. 2008). Pleadings filed by a *pro se* litigant, however, are to be construed liberally. *Mueller v. Pennsylvania State*

---

[2] Act of December 20, 1985, P.L. 457, 63 P.S. § 422.40(b).

[3] Our scope of review from an order of the Board is limited to a determination of whether constitutional rights were violated, whether the findings of fact are supported by substantial evidence, and whether errors of law were committed. *Denier v. Bureau of Professional and Occupational Affairs*, 683 A.2d 949 (Pa. Cmwlth. 1996).

*Police Headquarters*, 532 A.2d 900, 903 (Pa. Cmwlth. 1987). We find the following issues have been sufficiently developed to afford this Court meaningful review.[4]

> 1) Did the Board err by failing to hold a hearing before suspending Petitioner's medical license following his felony conviction for a violation of the Drug Act?
>
> 2) Does the Board have discretion to impose a suspension of less than ten years upon receipt of a certified copy of a felony conviction under the Drug Act?

First, Petitioner argues the Board erred by not holding an administrative hearing prior to suspending his medical license. He provides no authority which mandates such a hearing.

Section 40(b) of the MPA provides that a license issued under the MPA shall automatically be suspended upon the licensee's legal commitment to an institution upon filing with the board a certified copy of conviction of a felony under the Drug Act. A hearing is not required. Due process does not require an evidentiary hearing when no facts are at issue. *Denier.*

In his response to the BPOA's Petition for Automatic Suspension, Petitioner admits he pled guilty to a violation of Section 13(a)(14) of the Drug Act. (Certified Record (C.R.) at 2.) He further acknowledges he may be subject under the MPA to an automatic suspension. *Id.* Section 40(b) of the MPA permitted the Board to automatically suspend Petitioner's license to practice medicine upon

---

[4] Several of Petitioner's arguments appear to raise challenges to the quality of the representation he received during the criminal proceedings, as well as whether the administrative proceeding should have been stayed pending disposition of his post-conviction claims. As these are not matters properly before us, they are not addressed in this opinion. Further, any suggested claim that the Board may reduce the time of suspension or that Petitioner's cooperation in the criminal matter should merit a reduced suspension are likewise not appropriate issues to be raised in this appeal.

3

receipt of a certified copy of that felony conviction. The Board received certified copies of Petitioner's guilty plea and the sentencing order issued by the trial court. (C.R. at Tab 1, Attachment A.) As there are no facts at issue in this case, we conclude there was no need for the Board to hold a due process hearing.[5]

Petitioner next argues the Board has discretion to suspend his license for a term of less than ten years. In support of this argument, he references a case in which the Board suspended the license of another physician, Dr. Marchinski (Marchinski), for a period of one year.[6] (Petitioner's Brief at 11.) Petitioner cites no case law which supports his argument.

As discussed herein, Section 40(b) of the MPA requires automatic suspension of a license upon receipt of a certified copy of a felony conviction under the Drug Act. Petitioner is not challenging the license suspension, merely the length of that suspension. Section 40(b) states that "[r]estoration of such license or certificate shall be made as hereinafter provided in the case of revocation or

---

[5] The automatic suspension provisions of the MPA and similar acts have consistently withstood due process challenges. *See Firman v. State Board of Medicine*, 697 A.2d 291 (Pa. Cmwlth. 1997), *Horvat v. Dep't of State Professional and Occupational Affairs*, 563 A.2d 1308 (Pa. Cmwlth. 1989), *Morris v. Board of Professional and Occupational Affairs*, 537 A.2d 93 (Pa. Cmwlth. 1988), *Galena v. Department of State Professional and Occupational Affairs*, 551 A.2d 676 (Pa. Cmwlth. 1988).

[6] Petitioner filed a motion to compel production of records with this Court on September 16, 2016. Petitioner referenced the *Marchinski* case in this motion, which requested a list of actions taken by the Board in similar matters over the last five years. In its response to Petitioner's motion, the Department cites *Commonwealth of Pennsylvania v. Leonard Joseph Marchinski, M.D.*, docketed with the trial court at CP-06-CR-11605-2014, in which Marchinski entered the Accelerated Rehabilitative Disposition (ARD) Program. (Respondent's Answer to Petitioner's Motion to Compel at 4.) "Conviction" is defined in Section 2 of the MPA as "[a] judgment of guilt, an admission of guilt or a plea of nolo contendere." 63 P.S. § 422.2. ARD is not a conviction for purposes of the automatic suspension provisions in Section 40(b) of the MPA. Petitioner's motion to compel was denied by per curiam order on September 22, 2016.

4

suspension of such license or certificate." Reinstatement of a suspended license is governed by Section 43(b)[7] of the MPA, which provides that "[a]ny person whose license… has been suspended or revoked because of a felony conviction under [the Drug Act]… may apply for reinstatement after a period of at least ten years has elapsed from the date of conviction."

Section 1921(a) of the Statutory Construction Act[8] provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The statutory language of Section 43(b) of the MPA is clear and free of ambiguity. The Board lacks discretion to impose a suspension for a period of less than ten years.

For these reasons, the order of the Department is affirmed.

_____
JOSEPH M. COSGROVE, Judge

---

[7] 63 P.S. § 422.43(b).

[8] 1 Pa.C.S. § 1921(a).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mohammad Khan, M.D.,       :
      Petitioner     :
              :
    v.         :
              :
Bureau of Professional and    :
Occupational Affairs,      :
State Board of Medicine,     :   No. 1047 C.D. 2016
      Respondent   :


# O R D E R


AND NOW, this 21st day of November, 2017, the State Board of Medicine's order dated June 2, 2016 is affirmed.


              _____
              JOSEPH M. COSGROVE, Judge